**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| ANNA GONZALEZ and RONALD K. PAGE, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | Civil Action No.: SA-20-CV-617-FB |
| v. | |
| STATE FARM LIFE INSURANCE COMPANY, | |
| Defendant. | |

**DEFENDANT STATE FARM LIFE INSURANCE COMPANY'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS' CONSOLIDATED AMENDED CLASS
ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant State Farm Life Insurance Company files this Answer and Affirmative Defenses to Plaintiffs' First Amended Consolidated Class Action Complaint and Demand for Jury Trial ("Plaintiff's Complaint").[1] Without waiving any of the defenses under the policies of insurance under which Plaintiff purports to be claiming in this lawsuit, and still insisting upon any and all policy conditions, exclusions, and other policy terms now or later arising, Defendant respectfully shows the Court as follows:

---

[1] Plaintiff Anna Gonzalez ("Gonzalez") filed a Stipulated Notice of Dismissal as to her claims on March 22, 2021 [Dkt 75]. As of the time of this filing, the Court had not yet issued an order granting Gonzalez's requested dismissal from this action. Nevertheless, in light of the stipulated dismissal, this Answer treats allegations set forth in the complaint purporting to be asserted on behalf of both Gonzalez and Ronald K. Page as asserted exclusively by Mr. Page. Accordingly, all references herein to "Plaintiff" relate exclusively to Ronald K. Page, and all references to "the Policy" relate exclusively to the subject life insurance policy issued to him.

**Defendant State Farm Life Insurance Company's Answer and Affirmative Defenses to Plaintiffs' First Amended Consolidated Class Action Complaint and Demand for Jury Trial**

The introductory paragraph of Plaintiff's Complaint does not warrant a response, but State Farm denies that Plaintiff is entitled to any of the relief sought by way of this lawsuit. Except as expressly admitted in this Answer, State Farm denies all of Plaintiff's claims and allegations.

## INTRODUCTION

1.      State Farm denies these allegations and specifically denies that it charged any amounts in excess of those authorized by the policy terms and that this case meets the requirements for certification of a class under Rule 23 of the Federal Rules of Civil Procedure.

2.      State Farm denies these allegations.

3.      State Farm denies these allegations.

4.      State Farm denies these allegations.

5.      State Farm admits that Plaintiff purport to bring this case as a class action under Rule 23 of the Federal Rules of Civil Procedure but denies that the case meets the requirements for certification of a class and otherwise denies these allegations.

## PARTIES

6.      State Farm lacks information sufficient to admit or deny this allegation and on that basis denies the allegation.

7.      As to Paragraph 7 of Plaintiff's Complaint, no answer is required by virtue of the filing of the Stipulated Notice of Dismissal as to Gonzalez's claims.

8.      State Farm admits the allegations in Paragraph 8 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

9.      State Farm does not contest this Court's jurisdiction at this time.  State Farm denies that the case meets the requirements for certification of a class and otherwise denies these allegations.

**Defendant State Farm Life Insurance Company's Answer and Affirmative Defenses to Plaintiffs' First Amended Consolidated Class Action Complaint and Demand for Jury Trial**

10.     State Farm lacks information sufficient to admit or deny this allegation as to the Plaintiff's residence, and on that basis denies it.  As to the specific allegations regarding Gonzalez, no answer is required by virtue of the filing of the Stipulated Notice of Dismissal as to Gonzalez's claims.   State Farm denies that "a substantial portion of the events giving rise to [Plaintiff's] causes of action occurred in this District." Except as expressly admitted, State Farm denies the remaining allegations of this paragraph.

## **FACTUAL BACKGROUND**

11.     State Farm admits that Plaintiff Page purchased a flexible premium adjustable life insurance policy bearing the policy number LF-1518-9386, and a policy date of February 3, 1997 with an initial basic amount of $100,000, issued in Texas. State Farm admits that Plaintiff Page is the owner and insured under this policy.  Except as expressly admitted, State Farm denies the allegations in Paragraph 11 of Plaintiff's Complaint.

12.     As to Paragraph 12 of Plaintiff's Complaint, no answer is required by virtue of the filing of the Stipulated Notice of Dismissal as to Gonzalez's claims.

13.     State Farm admits that it issued Plaintiff's Policy. Except as expressly admitted, State Farm denies the allegations contained in this paragraph.

14.     State Farm admits these allegations.

15.     State Farm admits that Plaintiff has partially quoted from the Policy.  The Policy is the best evidence of its contents.  State Farm denies any allegation inconsistent with the terms of the Policy.  Except as otherwise expressly admitted, Defendant denies the allegations of this paragraph.

**Defendant State Farm Life Insurance Company's Answer and Affirmative Defenses to Plaintiffs' First Amended Consolidated Class Action Complaint and Demand for Jury Trial**

16.     The Policy is the best evidence of its contents.  State Farm denies any allegation inconsistent with the terms of the Policy.  Except as otherwise expressly admitted, Defendant denies the allegations of this paragraph.

17.     State Farm admits that Plaintiff has partially quoted from the Policy.  The Policy is the best evidence of its contents.  State Farm denies any allegation inconsistent with the terms of the Policy.  Except as otherwise expressly admitted, Defendant denies the allegations of this paragraph.

18.     State Farm admits that it has collected premiums and deducted Policy charges according to the terms of the Policy and that the premiums and charges are shown to Plaintiff on his annual notices. State Farm denies any allegation inconsistent with the terms of the Policy. Except as expressly admitted, State Farm denies the allegations in Paragraph 18 of Plaintiff's Complaint and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

19.     State Farm admits that the Policy contains an "Account Value" that is defined in the Policy and admits that the Policy provides a death benefit. State Farm denies any allegation inconsistent with the terms of the Policy. Except as expressly admitted, State Farm denies the allegations contained in Paragraph 19 of Plaintiff's Complaint and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

20.     State Farm admits that the Policy establishes the definition of "Account Value" and the authorized deductions in the Policy. State Farm further admits that the Account Value can earn interest as authorized by the Policy. State Farm denies any allegation inconsistent with the terms of the Policy. Except as expressly admitted, State Farm denies the allegations contained in

**Defendant State Farm Life Insurance Company's Answer and Affirmative Defenses to Plaintiffs' First Amended Consolidated Class Action Complaint and Demand for Jury Trial**

Paragraph 20 of Plaintiff's Complaint and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

21.     State Farm admits that the Account Value of the Policy was administered according to the terms of the Policy. State Farm denies any allegation inconsistent with the terms of the Policy. Except as expressly admitted, State Farm denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     State Farm admits that Plaintiff has partially quoted from the Policy.  State Farm admits that the Policy authorizes a premium expense charge and refers to the Policy for the terms thereof. State Farm denies any allegation inconsistent with the terms of the Policy and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

23.     State Farm admits that Plaintiff has partially quoted from the Policy.  The Policy is the best evidence of its contents.  State Farm denies any allegation inconsistent with the terms of the Policy.  Except as otherwise expressly admitted, Defendant denies the allegations of this paragraph.

24.     State Farm admits that Plaintiff has partially quoted from the Policy.  The Policy is the best evidence of its contents.  State Farm denies any allegation inconsistent with the terms of the Policy.  State Farm further admits that the Deduction Date under the Page Policy is the 3rd of each month. Except as expressly admitted, State Farm denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     State Farm admits that the Policy defines how charges may be deducted from the Account Value. State Farm denies any allegation inconsistent with the terms of the Policy. Except

**Defendant State Farm Life Insurance Company's Answer and Affirmative Defenses to Plaintiffs' First Amended Consolidated Class Action Complaint and Demand for Jury Trial**

as expressly admitted, State Farm denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.    State Farm admits that Plaintiff's Policy defines how charges may be deducted from the Account Value and premium payments and that all charges and deductions on the Policy are shown to Plaintiff on his annual notices. State Farm denies any allegation inconsistent with the terms of the Policy. Except as expressly admitted, State Farm denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.    State Farm admits that Plaintiff's Policy authorizes State Farm to take a "Monthly Deduction" from Plaintiff's Account Value each month and that the deductions are shown to Plaintiff on his annual notices. State Farm denies any allegation inconsistent with the terms of the Policy. State Farm denies the remaining allegations in Paragraph 27 of Plaintiff's Complaint and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

28.    State Farm admits that Plaintiff has partially quoted from the Policy.  The Policy is the best evidence of its contents.  State Farm denies any allegation inconsistent with the terms of the Policy.  Except as otherwise expressly admitted, Defendant denies the allegations of this paragraph and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

29.    State Farm admits that Plaintiff's Policy has a monthly expense charge of $5.00. State Farm denies the remaining allegations in Paragraph 29 of Plaintiff's Complaint and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

**Defendant State Farm Life Insurance Company's Answer and Affirmative Defenses to Plaintiffs' First Amended Consolidated Class Action Complaint and Demand for Jury Trial**

30.     State Farm admits that Plaintiff has partially quoted from the Policy.  The Policy is the best evidence of its contents.  State Farm denies any allegation inconsistent with the terms of the Policy.  Except as otherwise expressly admitted, Defendant denies the allegations of this paragraph. and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

31.     State Farm admits that Plaintiff has partially quoted from the Policy.  The Policy is the best evidence of its contents.  State Farm denies any allegation inconsistent with the terms of the Policy.  Except as otherwise expressly admitted, State Farm denies the allegations of this paragraph and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

32.     Paragraph 32 of Plaintiff's Complaint contains legal conclusions that do not require a response. To the extent a response is required, State Farm denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     State Farm admits that the Policy contains a paragraph titled "Monthly Cost of Insurance Rates" and refers to the Policy for the terms thereof. State Farm denies any allegation inconsistent with the terms of the Policy. Except as expressly admitted, State Farm denies the allegations contained in Paragraph 33 of Plaintiff's Complaint and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

34.     State Farm admits that age, sex and rate class are among the factors that the insurance industry has considered related to mortality expectations.  Except as expressly admitted, State Farm denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.     State Farm denies these allegations.

**Defendant State Farm Life Insurance Company's Answer and Affirmative Defenses to Plaintiffs' First Amended Consolidated Class Action Complaint and Demand for Jury Trial**

36.     State Farm denies these allegations.

37.     State Farm admits that the Policy authorizes State Farm to make periodic deductions from the Account Value and refers to the Policy for the terms thereof. Except as expressly admitted, State Farm denies the allegations contained in Paragraph 37 of Plaintiff's Complaint and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

38.     State Farm admits that Plaintiff's Policy discloses what deductions are made each month and refers to the Policy for the terms thereof. State Farm denies the remaining allegations in Paragraph 38 of Plaintiff's Complaint. State Farm specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

39.     State Farm denies these allegations.

40.     State Farm denies these allegations.

41.     State Farm denies these allegations.

42.     State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

43.     State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

44.     State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

45.     State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

46.     State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

**Defendant State Farm Life Insurance Company's Answer and Affirmative Defenses to Plaintiffs' First Amended Consolidated Class Action Complaint and Demand for Jury Trial**

47.     State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

48.     State Farm denies these allegations.

## CLASS ALLEGATIONS

49.     State Farm admits that Plaintiff purports to bring this case as a class action under Rule 23 of the Federal Rules of Civil Procedure but denies that this case meets the requirements for certification of a class. Except as expressly admitted, State Farm denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.     State Farm admits that Plaintiff purports to bring this case as a class action under Rule 23 of the Federal Rules of Civil Procedure but denies that this case meets the requirements for certification of a class. Except as expressly admitted, State Farm denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.     State Farm denies these allegations.

52.     State Farm denies these allegations.

53.     State Farm denies these allegations.

54.     State Farm denies these allegations.

55.     State Farm denies these allegations.

56.     State Farm denies these allegations.

57.     State Farm denies these allegations.

58.     State Farm denies these allegations.

**Defendant State Farm Life Insurance Company's Answer and Affirmative Defenses to Plaintiffs' First Amended Consolidated Class Action Complaint and Demand for Jury Trial**

## COUNT I: ALLEGED BREACH OF CONTRACT
### (Cost of Insurance Charge)

59.     State Farm incorporates and restates by reference its responses to all preceding allegations.

60.     State Farm admits that Plaintiff purchased the Policy. Except as expressly admitted, State Farm denies the allegations contained in Paragraph 60 of Plaintiff's Complaint and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

61.     State Farm admits that the Plaintiff's Policy is valid and enforceable. Except as expressly admitted, State Farm denies the allegations contained in Paragraph 61 of Plaintiff's Complaint and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

62.     State Farm denies the allegations contained in Paragraph 62 of Plaintiff's Complaint and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

63.     State Farm denies these allegations.

64.     State Farm denies these allegations.

65.     State Farm denies these allegations.

66.     State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.  State Farm further specifically denies that the alleged breach is "ongoing and continuing."

## COUNT II: ALLEGED BREACH OF CONTRACT
### (Expense Charge)

**Defendant State Farm Life Insurance Company's Answer and Affirmative Defenses to Plaintiffs' First Amended Consolidated Class Action Complaint and Demand for Jury Trial**

67.     State Farm incorporates and restates by reference its responses to all preceding allegations.

68.     State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

69.     State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

70.     State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure. State Farm further specifically denies that the alleged breach is "ongoing and continuing."

## COUNT III: ALLEGED CONVERSION

71.     State Farm incorporates and restates by reference its responses to all preceding allegations.

72.     State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

73.     State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

74.     State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

75.     State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

76.     State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

77.    State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

78.    State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

79.    State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

<u>**COUNT IV: ALLEGED BREACH OF THE DUTY OF**</u>
<u>**GOOD FAITH AND FAIR DEALING**</u>

80.    State Farm incorporates and restates by reference its responses to all preceding allegations.

81.    State Farm admits that the Plaintiff's Policy is valid and enforceable. Except as expressly admitted, State Farm denies the allegations contained in Paragraph 81 of Plaintiff's Complaint and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

82.    State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

83.    State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

84.    State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

<u>**COUNT V: ALLEGED VIOLATIONS OF THE TEXAS INSURANCE CODE**</u>

85.    State Farm incorporates and restates by reference its responses to all preceding allegations.

**Defendant State Farm Life Insurance Company's Answer and Affirmative Defenses to Plaintiffs' First Amended Consolidated Class Action Complaint and Demand for Jury Trial**

86.     State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

87.     State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

88.     State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

89.     State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

90.     State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

91.     State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

92.     State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

93.     State Farm denies these allegations.

94.     State Farm denies these allegations.

95.     State Farm admits these allegations.

96.     State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

### COUNT VI: ALLEGED VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT

97.     State Farm incorporates and restates by reference its responses to all preceding allegations.

**Defendant State Farm Life Insurance Company's Answer and Affirmative Defenses to Plaintiffs' First Amended Consolidated Class Action Complaint and Demand for Jury Trial**

98.    Paragraph 98 of Plaintiff's Complaint contains legal conclusions that do not require a response. To the extent a response is required, State Farm denies the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.    State Farm denies these allegations.

100.    State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

101.    State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

102.    State Farm denies these allegations.

103.    State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

104.    State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

105.    State Farm denies these allegations.

106.    State Farm admits these allegations.

107.    State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

## COUNT VII: ALLEGED DECLARATORY AND INJUNCTIVE RELIEF

108.    State Farm incorporates and restates by reference its responses to all preceding allegations.

109.    State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

110.     State Farm denies these allegations and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure. State Farm further specifically denies that the alleged breach "continues."

111.     State Farm admits that Plaintiff purports to seek a declaration of the parties' rights and duties.   Except as expressly admitted, State Farm denies the allegations contained in Paragraph 111 of Plaintiff's Complaint, and specifically denies that this case meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

112.     State Farm admits that Plaintiff purports to seek an injunction.  Except as expressly admitted, State Farm denies the allegations contained in Paragraph 112 of Plaintiff's Complaint, and specifically denies that this case meets the requirements for injunctive relief or for class certification under Rule 23 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

113.     State Farm denies that Plaintiff is entitled to any of the relief sought by way of this lawsuit, as in the Prayer of Plaintiff's Complaint.

## STATE FARM'S AFFIRMATIVE DEFENSES

114.     Nothing herein may be construed to suggest that State Farm bears the burden of proof on any of the issues set forth below.

115.     **FIRST DEFENSE**. Plaintiff's claims and the claims of all members of the putative class are barred, in whole or in part, by the applicable statutes of limitations.

116.     **SECOND DEFENSE**. Plaintiff's claims and the claims of all members of the putative class are barred, in whole or in part, by the doctrine of unclean hands and/or estoppel. Plaintiff received the entire benefit of the bargain and cannot now assert a claim for breach.

**Defendant State Farm Life Insurance Company's Answer and Affirmative Defenses to Plaintiffs' First Amended Consolidated Class Action Complaint and Demand for Jury Trial**

117.  **THIRD DEFENSE**. Plaintiff's claims and the claims of all members of the putative class are barred, in whole or in part, because the Plaintiff understood the terms of his contract and appreciated the benefits of the contracts from the time it was issued to the present. Plaintiff and members of the putative class have taken actions consistent with the policies and in reliance on the policies, including receipt of interest, modification of rate class in the event of a change in tobacco status, receipt of loans, waivers of monthly deductions, receipt of cash surrender value, and receipt of death benefits.

118.  **FOURTH DEFENSE**. Plaintiff's claims and the claims of all members of the putative class are barred, in whole or in part, by the doctrine of waiver, including without limitation the voluntary payment doctrine.

119.  **FIFTH DEFENSE**. Plaintiff's claims and the claims of all members of the putative class are barred, in whole or in part, by their failure to mitigate damages, if any.

120.  **SIXTH DEFENSE**. Plaintiff's claims and the claims of all members of the putative class are barred, in whole or in part, by the doctrine of laches because Plaintiff waited many years to bring the claims in this action, including his claim for injunctive relief, and State Farm is prejudiced and disadvantaged by this undue delay.

121.  **SEVENTH DEFENSE**. Claims of the putative class are barred by or otherwise did not survive the surrender or termination of their respective policies.

122.  **EIGHTH DEFENSE**. Claims of the putative class are barred by or otherwise did not survive either the death of the owner of the respective policies or the death of the insured.

123.  **NINTH DEFENSE**. Plaintiff's claims and the claims of all members of the putative class are barred in whole or in part by the doctrines of payment, accord and satisfaction, recoupment, set-off, and/or election of remedies.

**Defendant State Farm Life Insurance Company's Answer and Affirmative Defenses to Plaintiffs' First Amended Consolidated Class Action Complaint and Demand for Jury Trial**

124.   **TENTH DEFENSE**. The breach of contract claims of any class member who did not pay a premium for the alleged coverage for which they seek to recover payment fail for lack of consideration.

125.   **ELEVENTH DEFENSE**. The Complaint, and each purported cause of action alleged therein, is barred by the conduct, actions and inactions of Plaintiff and/or the persons on whose behalf he purports to bring this action, under the doctrine of ratification.

126.   **TWELFTH DEFENSE**. Plaintiff's claims and the claims of all members of the putative class are barred, in whole or in part, by the filed rate doctrine or similar legal doctrines.

127.   **THIRTEENTH DEFENSE**. With respect to the claims of Plaintiff and/or the putative class, the terms and conditions imposed with respect to the insurance that is the subject of the Complaint complied with all applicable statutes, regulations, and/or filed rates and policy forms. To the extent that the causes of action advanced in the Complaint challenge the terms contained in policy forms accepted for those terms and conditions, such claims are barred as a matter of law, because, among other reasons, all such claims seek to obtain a contract term that would vary from the filed and accepted forms.

128.   **FOURTEENTH DEFENSE**. The claims advanced in the Complaint by Plaintiff, and/or the persons on whose behalf they purport to bring this action, insofar as they relate to alleged conduct that is subject to the regulatory jurisdiction of one or more regulatory or administrative agencies or bodies, are preempted and/or subject to the exclusive jurisdiction of those regulatory or administrative agencies under the doctrines of primary and/or exclusive jurisdiction. Alternatively, such claims are barred by the absence of any private right of action with regard to conduct submitted to the discretion of a regulatory or administrative agency or body.

129.   **FIFTEENTH DEFENSE**. The Complaint and each and every claim for relief are barred by the Parol Evidence Rule, which precludes the claimants from varying the written terms of the policies.

130.   **SIXTEENTH DEFENSE**. The adjudication of the claims of the putative class through purported class-wide proof would violate State Farm's right to due process of law and right to trial by jury guaranteed by the United States and Texas Constitutions.

131.   **SEVENTEENTH DEFENSE**. The claims and/or damages of Plaintiff and the alleged putative class are barred, in whole or in part, by the terms, conditions, limitations, and exclusions contained within their respective policies and/or by public policy or express provision of law.

132.   **EIGHTEENTH DEFENSE**. Plaintiff's Policy and those owned by those of the putative class inform the policyholder that State Farm will determine the cost of insurance rate to be applied to the policy Insured by reference to that Insured's "age on the policy anniversary, sex, and applicable rate class." Because that is exactly what State Farm did for each Insured for a policy on Form 94030 issued in Texas, there is no breach of the policy, nor any conversion. Plaintiff's Complaint, therefore, fails to state a claim upon which any relief can be granted.

133.   **NINETEENTH DEFENSE**. State Farm advised each policyholder, including Plaintiff, how the cost of insurance rate for that policy Insured would be determined, and State Farm determined each Insured's rate as it had so advised that policyholder.  Accordingly, there is no basis for any claim of fraud and deception.

134.   **TWENTIETH DEFENSE**. Plaintiff and some or all members of the putative class lack standing to bring some or all of the claims set forth in the Complaint because they have not suffered any injury in fact.

135.   **TWENTY-FIRST DEFENSE**. Plaintiff cannot assert untimely claims based on fraudulent concealment as alleged in the Complaint as State Farm fully disclosed all material information to Plaintiff and its other policyholders and had no duty to disclose the additional information that is identified in the complaints, nor did State Farm have any intent to deceive Plaintiff or any other policyholder.

136.   **TWENTY-SECOND DEFENSE**. Plaintiff cannot assert untimely claims under fraudulent concealment as alleged in the Complaint because he has not alleged fraud with the particularity required by Rule 9(b) of the Rules of Civil Procedure.

137.   **TWENTY-THIRD DEFENSE**. Plaintiff and some of the putative class members' claims are barred by the doctrines of res judicata and collateral estoppel.

138.   **TWENTY-FOURTH DEFENSE**. Plaintiff and some of the putative class members have released the claims set forth in the Complaint, including through having participated in a class action settlement.

139.   **TWENTY-FIFTH DEFENSE**. Plaintiff, and the other persons they purport to represent, suffered no damages by reason of any act or omission of State Farm.

140.   **TWENTY-SIXTH DEFENSE**. Plaintiff's claims and the claims of all members of the putative class are barred, in whole or in part, due to Plaintiff's and putative class members' own actions, negligence or legal fault.

141.   **TWENTY-SEVENTH DEFENSE**. Plaintiff's Complaint fails to allege a claim or conduct for which punitive, exemplary and/or treble damages can be recovered. The prayer for such damages recovery should therefore be stricken.  Plaintiff has not alleged any facts sufficient to support a finding that State Farm has acted with malice or is guilty of oppression or any other facts sufficient to recover punitive, exemplary or treble damages. Further, punitive damages may

**Defendant State Farm Life Insurance Company's Answer and Affirmative Defenses to Plaintiffs' First Amended Consolidated Class Action Complaint and Demand for Jury Trial**

not be recovered to the extent they are excessive under the Constitution of the United States or any state law applicable to claims brought by residents of the respective states in which each member of the putative class purchased his or her policy. Further, an award of punitive damages in this case would violate due process under the Constitution of the United States or any state law applicable to claims brought by residents of the respective states in which each member of the putative class purchased his or her policy. Further, State Farm at all times has acted in good faith and therefore is not liable for any punitive, exemplary, or treble damages.

142.    **TWENTY-EIGHTH DEFENSE**. Plaintiff's prayer for equitable relief is barred because Plaintiff, and the persons on whose behalf Plaintiff purports to bring this action, have adequate remedies at law.

143.    **TWENTY-NINTH DEFENSE**. Plaintiff's claims and the claims of all members of the putative class are barred by the economic loss rule.

144.    **THIRTIETH DEFENSE**. Plaintiff and members of the putative class do not have a property interest or other interest in the policy account value that arise from any source other than the contract that is legally sufficient to support a claim for conversion.

145.    **THIRTY-FIRST DEFENSE**.  Plaintiff has failed to state a claim for relief for conversion because, among other things, a claim for conversion cannot be based on an alleged overcharge.

146.    **THIRTY-SECOND DEFENSE**.  Plaintiff has failed to state a claim for relief for conversion because, among other things, the amount claimed must be a specific sum identified by the plaintiff.

147.    **THIRTY-THIRD DEFENSE**. The Complaint fails to state a claim upon which any relief can be granted with regard to Plaintiff's cause of action for Breach of the Covenant of

**Defendant State Farm Life Insurance Company's Answer and Affirmative Defenses to Plaintiffs' First Amended Consolidated Class Action Complaint and Demand for Jury Trial**

Good Faith and Fair Dealing and should be dismissed. Texas does not imply a duty of good faith and fair dealing in every contract and Plaintiff has failed to allege the limited circumstances under which Texas courts have recognized the duty in the insurance context.

148.   **THIRTY-FOURTH DEFENSE**. Plaintiff has failed to state a claim for relief under the Texas Insurance Code.  Plaintiff cannot establish that State Farm violated § 541.051 or any other provision of the Texas Insurance Code, and specifically cannot establish that State Farm issued any illustration or other statement misrepresenting the terms of any policy to Plaintiff or any members of the putative class, nor any other purported unlawful and deceptive trade practice in violation of the Code.  Further, Plaintiff cannot establish that all putative class members received or relied on any illustration.

149.   **THIRTY-FIFTH DEFENSE**. Plaintiff has failed to state a claim for relief under the Texas Deceptive Trade Practices-Consumer Protection Act because he cannot establish that State Farm represented to Plaintiff or any member of the putative class that the policies "had sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have." *See* Tex. Bus. & Com. Code Ann. §17.46(b)(5). Rather, State Farm advised each policyholder, including Plaintiff, how the cost of insurance rate for the respective policy Insured would be determined, and State Farm determined each Insured's rate as it had so advised the policyholders.

150.   **THIRTY-SIXTH DEFENSE**. Plaintiff cannot assert deception or any alleged representation by State Farm that violated the Texas Deceptive Trade Practices-Consumer Protection Act because he has not alleged fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

**Defendant State Farm Life Insurance Company's Answer and Affirmative Defenses to Plaintiffs' First Amended Consolidated Class Action Complaint and Demand for Jury Trial**

151.    **THIRTY-SEVENTH DEFENSE**. Plaintiff's Complaint fails to state a claim upon which any relief can be granted.

152.    **RESERVATION OF OTHER DEFENSES**. State Farm is informed and believes that it may have other defenses of which it is presently unaware. State Farm reserves the right to allege additional defenses upon discovery of additional facts during the course of discovery.

153.    Wherefore, State Farm denies that Plaintiff is entitled to any of the relief they seek, whether on behalf of themselves or a putative class, and prays for judgment as follows.

a.      That Plaintiff take nothing by their Complaint;

b.      That the Court dismiss, with prejudice, Plaintiff's Complaint, and award State Farm its recoverable costs; and

c.      That the Court award State Farm such other and further relief as it may deem just and proper.

## DEMAND FOR JURY TRIAL

154.    State Farm hereby demands a trial by jury of all issues so triable.

Dated: March 23, 2021          Respectfully submitted,

*/s/ Susan E. Egeland*
Wayne B. Mason
ATTORNEY-IN-CHARGE
Texas Bar No. 13158950
wayne.mason@faegredrinker.com
Susan E. Egeland
Texas Bar No. 24040854
susan.egeland@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
Phone: (469) 357-2500
Fax: (469) 327-0860

**Defendant State Farm Life Insurance Company's Answer and Affirmative Defenses to Plaintiffs' First Amended Consolidated Class Action Complaint and Demand for Jury Trial**

Shaunda A. Patterson-Strachan
*Admitted pro hac vice*
shaunda.pattersonstrachan@faegredrinker.com
Waldemar J. Pflepsen Jr.
*Admitted pro hac vice*
waldemar.pflepsen@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street NW, Suite 1100
Washington, D.C. 20005
Phone: (202) 842-8800
Fax: (202) 842-8465

**ATTORNEYS FOR DEFENDANT
STATE FARM LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I certify that on March 23, 2021, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

*/s/ Susan E. Egeland*
SUSAN E. EGELAND